**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50210 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-05343-LAB-1 |
| v. | |
| MANUEL ACOSTA-LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Manuel Acosta-Lopez appeals from the district court's judgment and

challenges the 90-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Acosta-Lopez contends that the district court erroneously denied his request for a minor-role reduction under U.S.S.G. § 3B1.2. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Acosta-Lopez's argument, the record reflects that the district court properly considered the factors listed in the commentary to the minor-role Guideline, *see* U.S.S.G. § 3B1.2 cmt. n.3(C), identified other likely participants in the scheme, and assessed whether Acosta-Lopez was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). The court did not clearly err in any of its factual findings, or abuse its discretion by concluding that Acosta-Lopez was not entitled to a minor-role reduction. *See United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018).

**AFFIRMED.**